ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| MOUSSA GABALE Y OTROS<br><br>Apelantes<br><br>v.<br><br>AROUND THE WORLD HOLDINGS, LLC; KEITH ST. CLAIR Y OTROS<br><br>**NOEMÍ PÉREZ GÓMEZ**<br><br>Apelados | KLAN202500389 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2023CV00763<br><br>Sobre: Incumplimiento de contrato |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Compareció el Sr. Moussa Gabale y otros (en adelante, "señor Gabale y otros" o "parte apelante") mediante recurso de *apelación* presentado el 5 de mayo de 2025. Nos solicitó la revocación de la *Sentencia Final* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, "foro primario") el 14 de marzo de 2025 y notificada en igual fecha. En ese dictamen, el foro primario desestimó sin perjuicio la demanda a tenor con la Regla 69.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5.

Por los fundamentos que expondremos a continuación, se **confirma** la sentencia apelada.

**-I-**

El caso de marras tuvo su génesis, el 13 de marzo de 2023, cuando el señor Gabale y otros presentaron *Demanda en cobro de*

---

[1] Mediante la Orden Administrativa DJ 2024-062C emitida el 6 de mayo de 2025, se enmendó la constitución de los paneles del Tribunal de Apelaciones.

Número Identificador

SEN2025_____

*dinero y solicitud de entredicho preliminar* contra el Sr. Keith St. Clair y la compañía Around The World Holding, LLC.[2] En síntesis, reclamaron el pago de $670,932.36 más los intereses al 10% anual basado en un *demand promissory note.* No obstante, el 18 de julio de 2024, la demanda fue enmendada con el propósito de incluir como demandados a la sucesión del Sr. Keith St. Clair, debido a su fallecimiento.[3]

El 10 de diciembre de 2024, la Sra. Noemí Pérez Gómez (en adelante, "señora Pérez Gómez" o "apelada") presentó su *Contestación a segunda demanda enmendada.*[4] Además, en igual fecha, presentó M*oción sobre fianza de no residente.*[5] Señaló que el señor Gabale y la Sra. Hebah Gabale Shaaban alegaron residir en "12 Jibsail Dr. Bayville, New Jersey 08721". Por lo cual, sostuvo que procede imponerles la fianza de no residente.

En consecuencia, el 19 de diciembre de 2024, el señor Gabale y otros presentaron *Moción en oposición a solicitud de fianza de no residente.*[6] Alegó que, en el caso de epígrafe, tres de los cinco codemandantes residen en Puerto Rico, lo cual garantiza que se pueda recobrar las costas y honorarios de abogados sin afectar sus derechos a justicia. Además, señalaron que la señora Pérez Gómez se le anotó la rebeldía y ello le impedía argumentar nuevos planteamientos, incluyendo la solicitud de imposición de fianza de no residente.

Así las cosas, el 26 de diciembre de 2024, el foro primario emitió *Orden*, notificada el 9 de enero de 2025.[7] En ese dictamen, ordenó al señor Gabale y la Sra. Hebah Gabale Shaaban a consignar

---

[2] Apéndice de la parte apelante, anejo 3, págs. 6-13.
[3] Apéndice de la apelada, anejo I, págs. 1-12.
[4] Apéndice de la parte apelante, anejo 32, págs. 150-153.
[5] *Íd.,* anejo 33, págs. 154-155.
[6] *Íd.,* anejo 34, págs. 156-158.
[7] A pesar de la referida Orden no fue incluida en el expediente ante nuestra consideración, nos percatamos de ella y advinimos en conocimiento de su contenido mediante el Sistema Unificado de Manejo y Administración de Casos ("SUMAC"). Véase, SUMAC, entrada núm. 84.

$1,000.00 en concepto de la fianza de no residente dentro de treinta (30) días. Específicamente, dispuso como sigue:

> Previo a cualquier trámite, proceda cada parte demandante no residente con la consignación en 30 días de fianza no residente por $1000.00 a tenor con Regla 69.5 de Procedimiento Civil.

> Se apercibe que: transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.[8]

Posteriormente, el 10 de febrero de 2025, el señor Gabale y otros presentaron *Moción solicitando prórroga* en la que solicitaron quince (15) días adicionales para efectuar el pago de la fianza de no residente.[9]

En igual fecha, el foro primario emitió *Orden*, notificada el 11 de febrero de 2025, en la cual concedió cinco (5) días al señor Gabale y otros para cumplir con el pago de la fianza de no residente.[10]

El 18 de febrero de 2025, el señor Gabale y otros presentaron *Moción en solicitud de reconsideración*.[11] Mediante esta moción, reiteraron sus argumentos y expresaron lo siguiente:

> le solicitamos muy respetuosamente que reconsidere la orden concediendo la prórroga por 5 días adicionales, **permita que se preste el pago de la fianza dentro de los 60 días que aún faltan por decursar** según dispone la Regla 69.5 de las Reglas de Procedimiento Civil […].[12]

Luego, el 11 de marzo de 2025, la señora Pérez Gómez presentó *Moción de desestimación*.[13] Argumentó que había transcurrido el término de 60 días sin efectuarse el pago de la fianza no residente por parte del señor Gabale y otros. Ante el incumplimiento, sostuvo que procedía la desestimación del caso de epígrafe.

---

[8] *Íd.*
[9] Apéndice de la parte apelante, anejo 37, págs. 166-167.
[10] A pesar de la referida Orden no fue incluida en el expediente ante nuestra consideración, nos percatamos de ella y advinimos en conocimiento de su contenido mediante SUMAC. Véase, SUMAC, entrada núm. 95.
[11] Apéndice de la parte apelante, anejo 38, págs. 168-171.
[12] *Íd.,* pág. 170 (énfasis suplido).
[13] *Íd.,* anejo 39, págs. 172-173.

El 12 de marzo de 2025, el señor Gabale y otros presentaron *Oposición a moción de desestimación.*[14] Reiteraron sus argumentos en cuanto a que, no procede la imposición de la fianza de no residente, toda vez que hay codemandados que residen en Puerto Rico.

Así pues, **el 14 de marzo de 2025 a la 1:18 pm**, el foro primario emitió y notificó *Sentencia Final.*[15] Mediante ese dictamen, desestimó la demanda de epígrafe sin perjuicio debido al transcurso del término de 60 días dispuesto en la Regla 69.5 de Procedimiento Civil, *supra,* sin haberse prestado la fianza de no residente.

Posterior a la notificación de la *Sentencia Final*, **el 14 de marzo de 2025 a las 3:09pm**, el señor Gabale y otros presentaron *Moción consignando en la unidad de cuentas la fianza de no residente* junto al pago de $1,000.00.[16]

Asimismo, el 17 de marzo de 2025, la señora Pérez Gómez presentó *Moción sobre consignación tardía y petición de sanciones por temeridad.*[17] Sostuvo que el señor Gabale y otros consignaron el pago de la fianza de no residente luego de recibir la *Sentencia Final*, mediante la cual el foro primario desestimó la demanda por su incumplimiento de prestar la referida fianza.

En desacuerdo con la determinación del foro primario, el 31 de marzo de 2025, el señor Gabale y otros presentaron *Moción en solicitud de reconsideración.*[18] Argumentaron que, el foro primario autorizó una prórroga de 15 días adicionales para cumplir con el pago de la fianza de no residente, la cual vencía el 25 de marzo de 2025. Resaltaron que, el pago de la referida fianza fue satisfecho el 14 de marzo de 2025. Además, alegaron que no procede la imposición de la fianza de no residente debido a que los

---

[14] *Íd.,* anejo 40, págs. 174-176.
[15] *Íd.,* anejo 1, págs. 1-3.
[16] *Íd.,* anejo 42, pág. 180.
[17] *Íd.,* anejo 43, págs. 181-184.
[18] *Íd.,* anejo 44, págs. 185-189.

codemandados son residentes en Puerto Rico y pueden responder solidariamente. Por todo lo cual, solicitaron al foro primario que reconsiderara su determinación.

Ante esto, el 1 de abril de 2025, el foro primario emitió *Orden*, notificada el 3 de abril de 2025, en la cual denegó la solicitud de reconsideración.[19]

Aun inconforme, el 5 de mayo de 2025, el señor Gabale y otros acudieron ante nos mediante el recurso de epígrafe y planteó la comisión de los errores siguientes:

> **Primer Error:** Err[ó] el Tribunal de Primera Instancia al desestimar la demanda por falta de pago de la fianza de no residente, sin considerar que en su sentencia final reconoció expresamente que se le concedió a la parte demandante un término de quince (15) días adicionales para cumplir con dicho pago.

> **Segundo Error:** Erró el Tribunal al no considerar ni aplicar la jurisprudencia reiterada del Tribunal Supremo de Puerto Rico, la cual establece claramente que la obligación de prestar fianza de no residente **no aplica** cuando en el pleito comparecen otros demandantes que residen en Puerto Rico.

Por su parte, el 8 de mayo de 2025, la apelada presentó su *Oposición a apelación.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**-II-**

**A. Fianza de no residente**

Nuestras Reglas de Procedimiento Civil proveen protección a los demandados por personas no residentes en Puerto Rico. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 261 (2021). Ello, con la finalidad de garantizar el pago por costas, gastos y honorarios de abogados en pleitos incoados por una persona natural no residente o una persona jurídica extranjera. *Yero Vicente v. Nimay Auto*, 205 DPR 126, 130 (2020). De esta manera, se minimiza los inconvenientes

---

[19] *Íd.*, anejo 2, págs. 4-5.

que pueda enfrentar el demandado que prevalezca en el pleito para recuperar los costos que conllevó su defensa. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 622 (2022).

Específicamente, la Regla 69.5 de Procedimiento Civil dispone como sigue:

> **Cuando la parte reclamante resida fuera de Puerto Rico** o sea una corporación extranjera, **el tribunal requerirá que preste fianza para garantizar las costas, gastos y honorarios de abogados a que pueda ser condenada.** Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil dólares ($1,000). El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.
> **Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza** o de la fianza adicional, sin que ésta haya sido prestada, **el tribunal ordenará la desestimación del pleito**.
> **No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando**:
>
> (a) Se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;
>
> **(b) se trate de un(a) copropietario(a) en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro(a) de los(las) copropietarios(as) también es reclamante y reside en Puerto Rico**, o
>
> (c) se trate de un pleito instado por un(a) comunero(a) para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.

32 LPRA Ap. V, R. 69.5 (énfasis suplido).

Así pues, el lenguaje del precitado estatuto es de carácter imperativo, no potestativo. *VS PR, LLC v. Drift-Wind*, supra, pág. 263. En otras palabras, en Puerto Rico la imposición de la fianza de no residente es de carácter mandatorio. *Íd.,* pág. 262. Además, el criterio rector para la aplicación de la precitada disposición es la residencia, no el domicilio ni la ciudadanía del reclamante. J. A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, Tomo V, pág. 1932. Asimismo, la fianza de no residente aplica a toda de reclamación, incluyendo las de naturaleza contractual y extracontractual. *Íd.*

En cuanto a la cuantía de la fianza, la Regla 69.5 de Procedimiento Civil, *supra,* dispone que el Tribunal tendrá discreción para establecer la misma, siempre que no sea menor de a $1,000.00. *Martajeva v. Ferré Morris y otros*, supra, pág. 623. Es decir, se exige una fianza mandatoria mínima de $1,000.00.

A tenor con la precitada regla, el demandante no residente debe pagar la fianza impuesta por el Tribunal dentro del término de 60 días, so pena de desestimación. *VS PR, LLC v. Drift-Wind*, supra, pág. 263. No obstante, nuestro Tribunal Supremo ha reconocido que el término de 60 días puede ser prorrogado o reducido si media justa causa bajo la Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.2. *VS PR, LLC v. Drift-Wind*, supra, págs. 263-264.

En relación con la desestimación del pleito por incumplimiento con la Regla 69.5 de Procedimiento Civil, *supra,* se ha reconocido que "debe tener finalidad y efecto de cosa juzgada, salvo que el tribunal en el ejercicio de su discreción decida lo contrario". *VS PR, LLC v. Drift-Wind*, supra, pág. 273. Esto es, "los tribunales tienen discreción para precisar si el efecto de una desestimación bajo la Regla 69.5 de Procedimiento Civil, *supra,* es con o sin perjuicio". *Íd.,* pág. 272. Además, se ha enfatizado que, salvo haya mediado abuso de discreción, los tribunales apelativos no deben intervenir con la decisión del Tribunal de Primera Instancia de hacer la desestimación con o sin perjuicio. *Íd.,* pág. 274.

A pesar de lo anterior, la propia Regla 69.5 de Procedimiento Civil, *supra,* reconoce tres (3) excepciones para rescindir el pago de fianza a un demandante no residente. A saber, un demandante no residente estará eximido de pagar fianza si es un insolvente exceptuado por ley para pagar aranceles, es decir, que litiga *in forma pauperis. Molinda v. CRUV,* 114 DPR 295 (1983). Tampoco pagará la fianza el demandante no residente que es copropietario de una propiedad sita en Puerto Rico, la cual es objeto de un pleito y uno

de los demás copropietarios también es demandante y reside en Puerto Rico. *Vaillant v. Santander*, 147 DPR 338 (1998).

Por último, no pagará la fianza el demandante no residente que es comunero y su reclamación va dirigida a disolver, liquidar, particionar y adjudicar bienes sitos en Puerto Rico. *Sucn. Padrón v. Cayo Norte*, 161 DPR 761 (2004).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso de epígrafe, la parte apelante compareció ante nos y planteó dos señalamientos de error que atenderemos individualmente. A continuación, examinamos el segundo señalamiento de error. En síntesis, la parte apelante adujo que estaban exentos de pagar la fianza de no residente en la medida que existían codemandantes residentes en Puerto Rico. No tienen razón. Veamos.

De acuerdo con la Regla 69.5 de Procedimiento Civil, *supra,* es imperativo imponer el pago de la fianza al reclamante que no resida en Puerto Rico. No obstante, existen tres (3) excepciones a esta norma reconocidas tanto en la precitada disposición como en nuestra jurisprudencia. Es decir, hay tres (3) instancias en las cuales se puede eximir a un demandante no residente de prestar la fianza requerida por ley. Primero, si el demandante no residente es insolvente y comparece *informa pauperis*, no tiene que pagar la fianza. Segundo, si la reclamación instada por el demandante no residente tiene como objeto una propiedad sita en Puerto Rico de la cual es copropietario y otros copropietarios fungen como codemandantes y son residentes en Puerto Rico, no tiene que prestar fianza. Por último, si el demandante no residente es un

comunero y el pleito incoado es para disolver, liquidar, particionar o adjudicar bienes sitos en Puerto Rico, no tiene que pagar la fianza.

Tras un examen de la demanda de epígrafe, podemos constatar que en su inciso II titulado como "LAS PARTES", lee como sigue:

> 1. El Sr. Moussa Gabale, mayor de edad, y **residente en New Jersey, Estados Unidos**, con dirección postal 12 Jibsail Dr. Bayville, NJ 08721, ostenta el derecho a recobro y satisfacción de una obligación contractual de la parte demandada que se reputa líquida y exigible.
>
> 2. La Sra. Hebah Gabale Shaaban, mayor de edad, y **residente en New Jersey, Estados Unidos** con dirección postal 12 Jibsail Dr. Bayville, NJ 08721, ostenta el derecho a recobro y satisfacción de una obligación contractual líquida y exigible ante la parte demandada.
>
> 3. El Sr. Zoher Musa Abu-Shanab es mayor de edad, y **residente en Vega Baja, Puerto Rico**, con dirección postal 347 Calle Tivoli, Vega Baja, PR 00963. El demandante Abu Shanab ostenta el derecho a percibir pago de una obligación contractual líquida y exigible ante la parte demandada.
>
> 4. La Sra. Deborah Alfaro Burgos es mayor de edad, y **residente en Carolina, Puerto Rico**, con dirección postal 4745 Ave. Isla Verde, Villas del Mar Este, Apt. 12F, Carolina PR 00979. La Sra. Alfaro ostenta el derecho a cobro de una obligación contractual líquida y exigible ante el demandado.
>
> 5. El Sr. Salah Nasr es mayor de edad, y **residente en Carolina, Puerto Rico**, con dirección postal 4745 Ave. Isla Verde, Villas del Mar Este, Apt. 12F, Carolina PR 00979. El Sr. Nasr ostenta el derecho a cobro de una obligación contractual líquida y exigible ante el demandado.[20]

Considerando lo anterior, es meridanamente claro que hay dos (2) demandantes no residentes y tres (3) demandantes residentes en Puerto Rico. Ahora bien, evaluemos si existe alguna instancia por la cual debamos eximir a los dos (2) demandantes no residentes del pago de fianza conforme a la Regla 69.5 de Procedimiento Civil, *supra.*

Concluimos que no surge del expediente que los demandantes no residentes sean insolventes o hayan comparecido *informa pauperis*. Tampoco consta en el expediente que los demandantes sean copropietarios de alguna propiedad sita en Puerto Rico y que dicha propiedad sea el objeto de la demanda de epígrafe. Aún más

---

[20] Apéndice de la apelada, anejo I, págs. 1-12 (énfasis suplido).

relevante, la demanda de epígrafe no busca la disolución, liquidación, partición o adjudicación de algún bien sito en Puerto Rico perteneciente a una comunidad de bienes. En el presente caso, lo que surge con claridad es que la demanda instada busca recobrar la cantidad de $670,932.36 más el 10% de los intereses anuales alegadamente pactados en un *demand promissory note.*

Así pues, determinamos que no existe ninguna de las excepciones reconocidas por la Regla 69.5 de Procedimiento Civil, *supra,* y nuestra jurisprudencia para eximir a la parte apelante de prestar la fianza de no residente. Por lo cual, concluimos que no erró el foro primario al imponer el pago de la fianza de no residente en el caso de epígrafe.

Ahora atenderemos el primer planteamiento de error. En síntesis, la parte apelante alegó que el foro primario incidió al desestimar la demanda bajo el fundamento de incumplimiento con el pago de la fianza de no residente, toda vez que le había concedido una prórroga de quince (15) días para efectuar el pago. No le asiste la razón. Nos explicamos.

Según establecimos en el acápite II de esta *Sentencia*, la Regla 69.5 de Procedimiento Civil, *supra,* le impone al tribunal el deber de desestimar el pleito si transcurren sesenta (60) días desde la notificación de la orden para prestar fianza sin que el reclamante haya pagado la misma. Aclaramos, no obstante, que nuestra jurisprudencia ha reconocido que el foro de instancia puede usar su discreción para prorrogar o reducir ese término de sesenta (60) en conformidad con la Regla 68.2 de Procedimiento Civil. *VS PR, LLC v. Drift-Wind*, supra.

Aunque surge del expediente que el foro primario inicialmente concedió un término de treinta (30) días para efectuar el pago de la fianza de no residente, pero no fue hasta el transcurso de más de sesenta (60) días que desestimó la demanda de epígrafe en

cumplimiento con la Regla 69.5 de Procedimiento Civil, *supra.* Repasemos.

El 9 de enero de 2025, el foro primario ordenó la prestación de la fianza de no residente dentro de treinta (30) días, los cuales vencieron el sábado, 8 de febrero de 2025. En el próximo día laborable, 10 de febrero de 2025, la parte apelante solicitó una prórroga de quince (15) días, <u>los cuales debían vencer el 25 de febrero de 2025.</u> No obstante, el 11 de febrero de 2025, el foro primario solo autorizó una prórroga de cinco (5) días para efectuar el pago de la fianza, los cuales vencieron el domingo, 16 de febrero de 2025. Así las cosas, no fue hasta el martes, 18 de febrero de 2025 que la parte apelante solicitó reconsideración sobre la prórroga de quince (15) días y específicamente solicitó como sigue: "**permita que se preste el pago de la fianza dentro de los 60 días que aún faltan por decursar**".[21] El foro primario no realizó ninguna determinación hasta luego del transcurso de los sesenta (60) días establecidos en la Regla 69.5 de Procedimiento Civil, *supra.* Esto es, el 14 de marzo de 2025, después de sesenta y cuatro (64) días de la orden de prestar fianza, el foro primario desestimó **sin perjuicio** el caso de epígrafe debido al incumplimiento con el pago de la fianza de no residente.

Tras examinar lo anterior, nos parece importante enfatizar que el foro primario no concedió en ningún momento una prórroga de quince (15) días. Como parte del tracto procesal, el foro primario meramente reconoció en su *Sentencia Final* que la parte apelante solicitó quince (15) días adicionales para cumplir con la prestación de la fianza. No obstante, aun si consideramos el escenario hipotético en el cual el foro primario hubiera concedido el referido término de quince (15) días contados a partir del día de su solicitud de prórroga, este hubiera vencido el 25 de febrero de 2025 y no fue

---

[21] Apéndice de la parte apelante, anejo 38, pág. 170 (énfasis suplido).

hasta el 14 de marzo de 2025 que la parte apelante consignó el pago de la fianza. En otras palabras, la parte apelante ni siquiera fue capaz de cumplir con el término que le solicitó al foro de instancia. Así pues, queda meridianamente claro que la parte apelante no cumplió con el pago de la fianza ni dentro del término de cinco (5) días concedido por el foro primario, ni en el término hipotético de quince (15) días.

No podemos pasar por alto que en este caso salta a la vista que la parte apelante no prestó la fianza requerida por espacio de sesenta y cuatro (64) días. Sin embargo, consignó $1,000 en concepto de fianza de no residente en menos de dos (2) horas luego de que se notificara la sentencia desestimatoria.

De otro lado, nos parece igualmente inmeritorio el argumento de la parte apelante a los efectos la prórroga de quince (15) días para emitir el pago de la fianza eran adicionales a los sesenta (60) días que establece la Regla 69.5 de Procedimiento Civil, *supra.* Primero, el foro de instancia nunca autorizó la prórroga de quince (15) días. Segundo, su argumento no tiene fundamento en el expediente, toda vez que lo que la parte apelante solicitó fue meramente que "se nos conceda una prórroga breve de 15 días para asegurar el debido cumplimiento de la orden emitida".[22] Asimismo, en su reconsideración sobre la prórroga de quince (15) días, solicitó lo siguiente: "**permita que se preste el pago de la fianza dentro de los 60 días que aún faltan por decursar**".[23] Así pues, el pedido al foro de instancia nunca consistió en prorrogar el término de sesenta (60) días.

Ahora bien, no es hasta luego de dictada la *Sentencia Final* que la parte apelante en su solicitud de reconsideración alegó la prórroga de quince (15) días debía considerarse como adicional a los

---

[22] Apéndice de la parte apelante, anejo 37, págs. 166-167.
[23] Apéndice de la parte apelante, anejo 38, pág. 170 (énfasis suplido).

sesenta (60) días del término dispuesto en la Regla 69.5 de Procedimiento Civil, *supra.* Por ello, argumentó que el término para pagar la fianza venció el 25 de marzo de 2025 y, dado a que su consignación de pago se realizó el 14 marzo de 2025, este fue efectuado dentro del término. Sin embargo, reiteramos que este argumento es inmeritorio.

Concluimos que no consta en el expediente que el foro primario haya prorrogado el término de sesenta (60) en conformidad con la Regla 68.2 de Procedimiento Civil, *supra.* Esto es, el foro primario no reconoció que mediara justa causa para prorrogar el término. Más importante aún, no olvidemos que la facultad de prorrogar el término bajo la precitada disposición es una potestativa en el ejercicio de su discreción.

En fin, el foro recurrido actuó correctamente al desestimar la demanda luego de comprobar que había transcurrido en exceso el término de sesenta (60) días sin la prestación de la fianza correspondiente. Así pues, en la medida que el foro primario no actuó de manera arbitraria, caprichosa o en abuso de su discreción, no debemos intervenir para sustituir su criterio.

**-IV-**

Por los fundamentos previamente expuestos, se **confirma** la *Sentencia Final* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones